IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVAUN BARNETT,<br>          Plaintiff,<br><br>          v.<br><br>PENN HILLS SCHOOL DISTRICT, PENN HILLS SHOOL DISTRICT SCHOOL BOARD, CARL BARBARINO, JENNIFER BURGESS-JOHNSON, DENISE GRAHAM-SHEALY, HEATHER HOOLAHAN, ROBERT HUDAK, DONALD KUHN, and JOHN ZACCHIA,<br>          Defendants. | )<br>)<br>)<br>)<br>) 2:16-cv-274<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

This is a civil rights action brought under 42 U.S.C. § 1983, in which the Plaintiff, Davaun Barnett, a former principal in the Penn Hills School District, challenges the circumstances surrounding his termination. Pending before the Court is the MOTION TO DISMISS (ECF No. 14) filed by Defendants, along with a brief in support (ECF No. 15). Plaintiff has filed a response in opposition thereto (ECF No. 17), and the motion is ripe for disposition.

### I. Background

Plaintiff was the building principal at Linton Middle School in the Penn Hills School District until his termination in August 2013. Compl. ¶ 15. The incident leading to his termination occurred on February 9, 2013, when the school held a "Star Wars"-themed fundraiser. *Id.* ¶ 16. A staff member who was collecting money at the door needed a break and was relieved by Plaintiff's wife. *Id.* ¶ 17. The staff member gave Plaintiff's wife $300.00 that had been collected for the fundraiser and told her to give the money to Plaintiff. The money has never been accounted for. *Id.*

1

Plaintiff learned about the missing funds for the first time on May 9, 2013, and told the School District that his wife would check if she had any receipts that could account for the money. *Id.* ¶ 18. "Plaintiff could only speculate as to what could have happened to the money," and so he asked the School District for a letter stating how much was "unaccounted for." *Id.* Four days later, the School District sent Plaintiff a "formal request to provide receipts/and [sic] or funds to address the discrepancy by May 20, 2013." *Id.* ¶ 19.

Before Plaintiff could respond, however, he "received notice of a *Loudermill* hearing" from the School District, which charged him with "[i]mproper personal or financial gain, where it is alleged that [he] may have retained school funds without permission." *Id.* ¶ 20 (internal quotation marks omitted). After the *Loudermill* hearing was held, the School District sent Plaintiff a "formal statement of charges and notice of hearing,"[1] in which Plaintiff claims that he was "charged with something new: 'failure to account for or return $300.000 (*Three Hundred Dollars*) placed in [his] trust through [his] wife.'" *Id.* ¶ 21.

A formal hearing was then conducted. Afterwards, the School Board made "no finding as to whether [Plaintiff] himself ever actually personally misappropriated the $300.00 cash given to [his wife]." *Id.* ¶ 22 (internal quotation marks omitted). But it went on to conclude that "Plaintiff had 'intentionally obfuscated' the District investigation into the missing funds by speculating about what could have happened to the money.'" *Id.* ¶ 23. Based on that finding, "the Board

---

1. The Pennsylvania School Code sets forth the following procedure that must be followed before dismissing a tenured public school employee:

> Before any professional employe [sic] having attained a status of permanent tenure is dismissed by the board of school directors, such board of school directors shall furnish such professional employe with a detailed written statement of the charges upon which his or her proposed dismissal is based and shall conduct a hearing. A written notice signed by the president and attested by the secretary of the board of school directors shall be forwarded by registered mail to the professional employe setting forth the time and place when and where such professional employe will be given an opportunity to be heard either in person or by counsel, or both, before the board of school directors and setting forth a detailed statement of the charges.

24 P.S. § 11-1127.

recommended terminating Plaintiff's employment." *Id.* ¶ 24.

Plaintiff sought review of the School Board's decision with Pennsylvania's Acting Secretary of Education, who affirmed after conducting a *de novo* review. *Id.* ¶ 25. Plaintiff appealed that decision to the Pennsylvania Commonwealth Court,[2] arguing, among other things, that "his due process rights were violated when he was not notified that the basis of his immorality charge included allegations of misrepresentations prior to the Board hearing on the matter."[3] Commw. Ct. Opinion at 2, ECF No. 15-1. The court rejected that argument, finding that Plaintiff was given adequate notice of the charges against him and that his "defense was not prejudiced by being subjected to surprise charges." *Id.* at 19. The court also sided with the School District on the remaining issues and affirmed the decision of the Acting Secretary. *Id.*

Plaintiff alleges that while his appeal was pending, "and more specifically on or about June 2, 2015," he learned "that the 'process' through which" he was terminated "was an utter sham." *Id.* ¶ 27. In particular, he alleges that he "received a communication from a former Board member" saying "that the Board had decided to terminate [his] employment . . . long before it had magically molded the allegations against him to the supposed 'obfuscation' charge." *Id.* ¶ 28. As support for this assertion, Plaintiff points to the fact that the School Board "directed the

---

2. The Court may take judicial notice of the Commonwealth Court's opinion, which Defendants attached as an exhibit to their brief, but only to "establish the existence of the opinion, not for the truth of the facts asserted" therein. *Lum v. Bank of Am.*, 361 F.3d 217, 222 (3d Cir. 2004), *abrogated in part on other grounds by Twombly*, 550 U.S. at 557.

3. As the Commonwealth Court explained,

> [Plaintiff] was originally charged with three offenses: (I) immorality with respect to his failure to account for or return $300 placed in [his] trust through his wife . . . ; (II) willful neglect of duties with respect to failing to follow proper procedure pertaining to a bomb threat at the school; and (III) immorality with respect to alleged acts detailed in a protection from abuse petition.

Commw. Ct. Opinion at 2 n.1. Eventually, the School Board terminated Plaintiff on the basis of charges I and II. *Id.* On appeal, however, the Acting Secretary of Education found a lack of evidence in support of charge II and affirmed the School Board's decision to terminate Plaintiff "solely on the basis of charge I[.]" *Id.* The Commonwealth Court's decision, in turn, focused solely on the first charge. *Id.*

3

District to remove Plaintiff's salary from the District's budget" in May 2013, which "was well before Plaintiff's formal hearing in September and October 2013." *Id.* ¶¶ 29-30. Plaintiff also claims that since June 2015, he has received "other communications" confirming that his salary was removed from the School District's budget before his formal hearing was held. *Id.* ¶ 32. According to Plaintiff, "[s]everal witnesses are thus available and willing to testify to the fact that the 'process' afforded to [him] was irreparably tainted with the Board's pre-arranged agenda to terminate [his] employment." *Id.* ¶ 33.

Plaintiff filed this suit on March 9, 2016, alleging violations of procedural and substantive due process, along with conspiracy and various state-law claims.[4] In addition to the School District and School Board,[5] Plaintiff has named the members of the School Board – Carl Barbarino, Jennifer Burgess-Johnson, Denise Graham-Shealy, Heather Hoolahan, Robert Hudak, Donald Kuhn, and John Zacchia – as Defendants. The Defendants now move to dismiss all of the claims against them.

## II. Legal Standard

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "does not impose a probability requirement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). However, a pleading must show "more than a sheer possibility that a defendant

---

4. Plaintiff has agreed to withdraw all of his state law claims, except his breach of contract claim against the School District. He has also agreed to withdraw his request for punitive damages on the breach of contract claim.

5. The School Board "is a redundant party, as the School District itself (a named defendant) would ultimately be liable for any judgment entered against the Board[.]" *E.B. v. Woodland Hills Sch. Dist.*, No. CIV.A. 10-0442, 2010 WL 2817201, at *4 (W.D. Pa. July 16, 2010) (citations omitted); *see also Glickstein v. Neshaminy Sch. Dist.*, No. CIV. A. 96-6236, 1997 WL 660636, at *3 (E.D. Pa. Oct. 22, 1997) (holding that under Pennsylvania law, "a board of school directors is not generally amenable to suit").

acted unlawfully." *Iqbal*, 556 U.S. at 678.

**III. Discussion**

    **A. Preclusion**

Defendants first contend that Plaintiff's "claims and the essential issues he raises . . . have already been determined by the Secretary of Education and the Commonwealth Court" and thus are barred by claim and issue preclusion.[6] Defs.' Br. at 3, ECF No. 15. As the Third Circuit Court of Appeals has explained,

> Issue preclusion, otherwise known as collateral estoppel, bars re-litigation of an issue identical to that in a prior action. Claim preclusion, often called *res judicata*, is broader in effect and prohibits reexamination not only of matters actually decided in the prior case, but also those that the parties might have, but did not, assert in that action.

*Edmundson v. Borough of Kennett Sq.*, 4 F.3d 186, 189 (3d Cir. 1993). "When a prior case has been adjudicated in a state court, federal courts are required by 28 U.S.C. § 1738 to give full faith and credit to the state judgment and, in section 1983 cases, apply the same preclusion rules as would the courts of that state." *Id.* (citations omitted).

    **1. Claim Preclusion**

Under the doctrine of claim preclusion, "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995). For the doctrine to apply, "(1) the thing sued upon [,] (2) the cause of action[,] (3) the persons and parties to the action[,] and (4) the capacity of the parties to sue or be sued" must be the same in both actions. *R & J Holding Co. v. Redev. Auth. of Cnty. of Montgomery*, 670 F.3d 420, 427 (3d Cir. 2011) (citing *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72, 74 (Pa. 1974)). If these

---

6.     Although these "are affirmative defenses, they may be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Ray v. Fed. Ins. Co./Chubb*, No. CIV.A. 08-1807, 2008 WL 5272456, at *2 (E.D. Pa. Dec. 18, 2008) (citation omitted).

5

requirements are met, the doctrine will bar not just claims that were actually litigated, but also those that "could have been litigated during the first proceeding if they were part of the same cause of action." *Balent*, 669 A.2d at 313.

Instead of addressing these requirements in his response, Plaintiff argues that his claims are not barred because they are based on what he calls "newly discovered" evidence: i.e., that he learned that the Defendants had already decided to terminate him prior to his formal hearing while his appeal was pending, as evidenced by the Board's decision to "remove" his salary from the budget before the hearing was held. "[T]he Defendants' concealed bias," he argues, "could only have become knowable . . . by virtue of the fortuitous disclosure from several insiders who reached out to him after his termination was final." Pl.'s Br. at 5. "Consequently," he says, "the current distinct claim of a deprivation of due process could not have been presented any earlier than it has been." *Id.*

Plaintiff's argument seems rather specious. His allegation that an unidentified individual told him that Defendants had predetermined his fate before the formal hearing is nothing more than "a legal conclusion couched as a factual allegation," which need not be accepted as true. *Iqbal*, 556 U.S. at 678. Moreover, it strains credulity for him to suggest that he had no idea that his salary was "removed" (whatever that actually means) from the budget until June 2015. If his salary was "removed," then presumably he would have stopped receiving a paycheck from the School District. And certainly that would not have been lost on him at the time. In fact, according to the Commonwealth Court's opinion, Plaintiff's status was actually converted from "suspended with pay" to "suspended without pay" following the *Loudermill* hearing. Commw. Ct. Opinion at 4. So he had to have known that he was off the payroll, even if temporarily, long before he now claims. At any rate, this hardly shows that Plaintiff's fate was sealed prior to the

6

formal hearing, and even if it did, it would be legally irrelevant for reasons explained below.

That said, the Court is not convinced that Plaintiff's claims are completely barred by claim preclusion. The first two requirements are undoubtedly met with regard to all of the Defendants: the subject matter of the two actions is the same, and the constitutional issues raised herein could have been – and in fact were, to an extent – raised during Plaintiff's appeal to the Commonwealth Court. *See Lauer v. Millvale Area Sch. Dist.*, 657 A.2d 119, 120 (Pa. Commw. Ct. 1995) (explaining that the Commonwealth Court "must affirm the Secretary's order unless there is a violation of constitutional rights . . .").

The same cannot be said of the remaining two requirements, however. "Pennsylvania law . . . requires an identity of both the parties and the 'quality or capacity of the parties' in both actions for [claim preclusion] to apply." *Hill v. Barnacle*, 598 F. App'x 55, 58 (3d Cir. 2015) (quoting *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988)). Since the School District was a party to the state court proceedings, claim preclusion bars the claims against it. *Edmundson*, 4 F.3d at 191. It also bars the claims against the School Board members insofar as they are sued in their official capacities. *Gregory*, 843 F.2d at 120 ("[G]overnmental officials sued in their official capacities . . . are considered in privity with the governmental body[,]" so "[t]hey may invoke a judgment in favor of the governmental entity as may that body itself."). Claim preclusion, however, would not bar the claims against the individual Defendants insofar as they are sued in their individual capacities. *Edmundson*, 4 F.3d at 191 (citing *Gregory*, 843 F.2d at 120). Although Plaintiff has not specified the capacity in which the individual Defendants are named, since he seeks punitive damages, which "cannot be recovered from defendants in their official capacities," the Court "will assume he is suing [them] in their [individual] capacities." *Gregory*, 843 F.2d at 120. Therefore, even though Plaintiff may be barred from pursing his

7

claims against the School District and the official-capacity claims against the School Board members, he is not barred from pursuing claims against the individual Defendants in their individual capacities.

### 2. Issue Preclusion

Still, the Court must determine whether the Commonwealth Court's findings are entitled to any preclusive effect in this case. *See Edmundson*, 4 F.3d at 191 (explaining that the court "must consider issue preclusion as it might be invoked by defendants in their individual capacities" even though they were not parties to the prior action). "Just as claim preclusion bars re-litigation of an entire case, issue preclusion bars re-litigation of discrete issues, even in a case based on an entirely different claim." *R & J Holding Co.*, 670 F.3d at 429. "The fundamental question is whether the issue has been *actually decided* by a court in a prior action." *Id.* (emphasis in original). Also, the party against whom the doctrine is asserted must have had a "full and fair opportunity to litigate" the issue. *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.3d 1064, 1073 (3d Cir. 1990).

Defendants argue that "[t]he issue of whether [Plaintiff] was properly terminated . . . has already been decided against [Plaintiff] by the Secretary of Education and the Commonwealth Court."[7] Defs.' Br. at 7. Thus, in their view, Plaintiff should be precluded from re-litigating the issue of whether the "reasons for his termination were valid or a pretext." *Id.*

The Court agrees. In his appeal to the Commonwealth Court,

[Plaintiff] raise[d] three issues: (1) that the Secretary's finding that he deliberately misrepresented what happened to the money was not supported by substantial

---

7. Defendants do not differentiate between Plaintiff's appeal to the Acting Secretary of Education and his appeal to the Commonwealth Court in making their argument on issue preclusion. Because the Acting Secretary's decision was reviewed by the Commonwealth Court, it would be entitled to preclusive effect. Edmundson, 4 F.3d at 189. However the Court has not been provided with a copy of the Acting Secretary's decision. Thus, a comparison of the issues decided therein and the issues raised here is not possible. Instead, the Court will focus on what effect, if any, to be given to the Commonwealth Court's decision.

8

evidence; (2) that the Secretary's legal conclusion that his action offended the morals of the community was not proved by the District; and (3) that his Due Process rights were deprived when he was discharged for immorality based on misrepresentations when he was never notified that making misrepresentations was the basis for his immorality charge.

Commw. Ct. Opinion at 12. Each of these issues was actually litigated and decided against Plaintiff, *id.* at 14, 16, 19, and he has not plausibly alleged that he did not have a "full and fair opportunity" to litigate in state court. Thus, "[i]t follows that the determination that [Plaintiff] was dismissed for cause under state law cannot be relitigated in [this] proceeding." *Bradley*, 913 F.2d at 1073.

From Defendants' perspective, this determination is fatal to each of Plaintiff's claims. Defs.' Br. at 7 ("Thus, if Barnett's termination was proper, all of his claims fail."). That is not necessarily true. Instead, the Court must independently "examine [Plaintiff's] federal claims in light of" the holding "as to preclusion" to determine whether they are viable. *Bradley*, 913 F.2d at 1073.

### B. Timeliness

Defendants argue, in the alternative, that Plaintiff's § 1983 claims are time-barred. According to Defendants, Plaintiff's claims accrued on the November 25, 2013, the date on which he was terminated, and are governed by a two-year statute of limitations, *see Anderson v. Morrow*, No. 06CV0759, 2006 WL 2136547, at *2 (W.D. Pa. July 28, 2006). Since this action was not initiated until March 9, 2016, Defendants argue that it should be dismissed as untimely. Plaintiff has not offered any response to Defendants' argument.

Be that as it may, the Court is reluctant to dismiss Plaintiff's claims on this basis. For one thing, Defendants' argument, such as it is, consists of a single, four-sentence paragraph tucked at the end of their 19-page brief, and it does not meaningfully address when Plaintiff's claim

9

accrued or whether there could be any basis for tolling the statute of limitations. Such a perfunctory argument need not even be considered by the Court. *Sunseri v. Proctor*, 461 F. Supp. 2d 551, 573 (E.D. Mich. 2006) (citation omitted).

For another thing, Defendants assume that both of Plaintiff's federal claims accrued on the date of his termination, but the Court is not entirely convinced that is accurate. While Plaintiff's substantive due process claim accrued on the date of his termination and thus is likely time-barred, *see McKinney v. Pate*, 20 F.3d 1550, 1556-57 (11th Cir. 1994), a reasonable argument could be made that Plaintiff's procedural due process claim did not accrue until his appeal to the Commonwealth Court was denied. "[A] section 1983 claim accrues at the time when the injury is sustained – that is, 'when the plaintiff has a complete and present cause of action.'" *Koehnke v. City of McKeesport*, 350 F. App'x 720, 723 (3d Cir. 2009) (quoting *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). As the Third Circuit Court of Appeals has recognized, "[a] due process violation 'is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.'" *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) (quoting *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)). Therefore, "[i]n order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Id.* As required, Plaintiff availed himself of the procedures that Pennsylvania afforded him to challenge his termination, and he is claiming that all of those procedures were deficient. It would seem, then, that his procedural due process claim did not accrue until the conclusion of those procedures. If that is the case, then this claim would be timely.

At the end of the day, though, the Court need not resolve this somewhat thorny question, which has not been meaningfully briefed by the parties. It suffices to say that Defendant has not

shown that it is clear from the face of the complaint that Plaintiff's claims are time-barred. *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (noting that a court may not dismiss a complaint as untimely under Rule 12(b)(6) unless the untimeliness is apparent from the complaint). In view of that, the Court will address the issues presented on their merits.

### C. Merits

#### 1. Procedural Due Process

The gravamen of Plaintiff's procedural due process claim is that "the *Loudermill* hearing and the formal hearing thereafter [were] rigged against [him], as the Defendants had already decided to terminate his employment before [he] was afforded an opportunity to defend himself." Compl. ¶ 39. This particular due process argument was not raised before the Commonwealth Court, so it is not barred by issue preclusion. Nevertheless, Defendants argue that this claim fails on its merits because, no matter whether the pre-deprivation hearings were predetermined or filled with bias, Plaintiff was provided with constitutionally adequate post-deprivation procedures. Defs.' Br. at 9 (citing *Dykes v. Southeastern Penn. Transp. Auth.*, 68 F.3d 1564, 1571 (3d Cir. 1995); *McDaniels v. Flick*, 59 F.3d 446 (3d Cir. 1995)). Plaintiff counters that he can state a valid claim by alleging that the pre-termination proceedings were a sham.

Defendants have the better side of this argument. There is no dispute that under *Cleveland Board of Education v. Loudermill*, Plaintiff was "entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story" before being terminated. 470 U.S. 532, 546 (1985). The pretermination procedures afforded to Plaintiff not only met, but also exceeded these requirements. As he acknowledges in his complaint, he received the requisite *Loudermill* notice in May 2013, which adequately set forth the charges against him. *See McDaniels*, 59 F.3d at 457

(holding that "pretermination notice of the charges and evidence against an employee need not be in great detail as long as it allows the employee the opportunity to determine what facts, if any, within his knowledge might be presented in mitigation of or in denial of the charges") (quotation omitted). The notice was followed by an informal hearing. Thereafter, he received a formal statement of the charges against him, which the Commonwealth Court has already determined was constitutionally adequate notwithstanding Plaintiff's contentions to the contrary. A full-fledged hearing was then conducted. This is all the pre-termination process that was due.[8]

Even if one accepts Plaintiff's allegations that these procedures were infected with bias, "[d]ue process does not require a neutral, impartial decision-maker during the pre-termination hearing, provided the terminated employee has adequate post-termination proceedings before an impartial decision-maker." *Deluzio v. Monroe Cnty.*, No. 3:CV-00-1220, 2006 WL 3098033, at *16 (M.D. Pa. Oct. 30, 2006) (citing *McDaniels*, 59 F.3d at 460). As previously noted, such proceedings were in fact provided to Plaintiff, and he took advantage of them, appealing his decision to the Acting Secretary, who conducted a *de novo* review, and the Commonwealth Court, which could have reversed the Acting Secretary's decision if it found a violation of Plaintiff's constitutional rights, an error of law, or that the Acting Secretary's findings were not supported by substantial evidence. *See Lauer*, 657 A.2d at 120. As a result, his procedural due process claim is not viable. *See, e.g.*, *Woo v. Bd. of Educ. for Cnty. of Putnam*, No. 94-2172, 1995 WL 568484, at *1 (4th Cir. Sept. 27, 1995) (rejecting the plaintiff's allegation that he was

---

8. As explained by the Commonwealth Court and noted elsewhere in this Opinion, Plaintiff was actually subject to two separate disciplinary actions prior to his termination. He was first suspended "with pay pending the outcome of disciplinary proceedings." Commw. Ct. Opinion at 4. "After the *Loudermill* hearing," Plaintiff's "suspension was converted to a suspension without pay and the matter was referred to the Board." *Id.* Plaintiff has not differentiated between these two actions, however. That is to say, he has not contended that he was entitled to any additional process prior to being suspended with pay. Nor has he claimed that the procedures that preceded his suspension without pay were constitutionally inadequate. It would seem at any rate that such a challenge would fail, as Plaintiff was provided notice and a hearing beforehand. *See Schmidt v. Creedon*, 639 F.3d 587, 597 (3d Cir. 2011) (holding that "absent extraordinary circumstances, due process requires notice and a hearing prior to suspension without pay").

denied due process where "members of Board of Education . . . decided prior to the hearing that they would terminate" him because he "received notice, an opportunity to respond at the hearing and later availed himself of the post-termination administrative procedures"); *Belas v. Juniata Cnty. Sch. Dist.*, No. 1: CV-04-505, 2005 WL 2100666, at *7-8 (M.D. Pa. Aug. 25, 2005), *aff'd*, No. 05-4385, 2006 WL 2974128 (3d Cir. Oct. 18, 2006) (holding that the plaintiff's due process rights were not violated where she asserted that the defendant "did not fairly consider her responses due to his bias" since she could "redress any improper bias on the part of [the defendant] during her hearing before the publicly elected members of the School Board, as well as on *de novo* review with the Pennsylvania Secretary of Education and thereafter in a Commonwealth Court").

Plaintiff's reliance on *Ryan v. Illinois Department of Children and Family Services*, 185 F.3d 751 (7th Cir. 1999), does not convince the Court otherwise. To be sure, the Seventh Circuit held in *Ryan* that "[a] plaintiff who can introduce evidence that the decision has already been made and any hearing would be a sham is entitled to go forward with a procedural due process claim." *Id.* at 762. But this holding runs headlong into the reasoning in *McDaniels*, where our Court of Appeals rejected the plaintiff's argument "that the district court erred in refusing to allow him to show at trial that the pretermination procedure afforded him was a sham." 59 F.3d at 458; *see also Luciani v. City of Philadelphia*, No. CIV.A. 10-2918, 2013 WL 5468000, at *11 (E.D. Pa. Oct. 1, 2013), *aff'd*, No. 13-4077, 2016 WL 861042 (3d Cir. Mar. 7, 2016) (rejecting the plaintiff's reliance on *Ryan* as inconsistent with "the rule set forth in *McDaniels*"). *McDaniels* makes clear that as long as adequate post-termination procedures are available, the fact "that the pre-termination hearing to which [Plaintiff] was subjected had a predetermined outcome is ultimately immaterial to his procedural due process claim." *Id.* at *2.

The quotation from *Alvin*, 227 F.3d at 120, upon which Plaintiff relies – "[i]f the Constitution requires pre-termination procedures, the most thorough and fair post-termination hearing cannot undo the failure to provide such procedures" – is likewise inapposite. The Court of Appeals made that statement while discussing whether the plaintiff in that case was entitled to *any* pre-deprivation process. Ultimately, the court held that none was required because "there was simply no factual dispute that a pre-deprivation notice or hearing could have addressed." *Id.* at 121. In this case, by contrast, the requisite pre-termination process was actually provided.

Equally unavailing is Plaintiff's attempt to distinguish *McDaniels*. True, Plaintiff actually did seek review of his termination with the Acting Secretary and the Commonwealth Court, whereas the plaintiff in *McDaniels* failed to use the procedures available to him under Pennsylvania law. However, Plaintiff has not explained why that should make a difference. If anything, that he sought and obtained review in state court, which provided him additional opportunities to be heard and "to have any errors corrected," would tend to further undermine his claim, not support it. *See Robinson v. City of Philadelphia*, 491 F. App'x 295, 300 (3d Cir. 2012) (applying *McDaniels* where the plaintiff appealed his lay off to the civil service commission, the Court of Common Pleas, and the Commonwealth Court).

Assuming that Plaintiff could possibly state a claim under *Ryan*, he has not plausibly alleged that the Defendants were actually biased against him in such a way that he was denied a meaningful opportunity to be heard or to put his version of events before Defendants at the pretermination hearings. *See Ryan*, 185 F.3d at 762 ("That at the start of the hearing the agency decisionmakers tentatively believe the employee should be removed does not raise a constitutional problem . . . so long as the decisionmakers are open to other views."); *Chmielinski v. Massachusetts*, 513 F.3d 309, 318 (1st Cir. 2008) (explaining that "bias" must be "so severe as

to interfere with the due process hearing itself" such that the plaintiff is "deprived . . . of the opportunity to put his version of the facts before the decisionmaker"). He formulaically pleads that the "process . . . was an utter sham," "that the Board had decided to terminate [him] . . . long before it had magically molded the allegations against him," and that several unidentified "insiders" are "willing to testify to the fact that the 'process' afforded to [him] was irreparably tainted with the Board's pre-arranged agenda." Compl. ¶¶ 27-28, 32-33. But these are just "naked assertion[s]" without any "factual enhancement" that do not move Plaintiff's claim across the plausibility threshold. *Twombly*, 550 U.S. at 557. Although Plaintiff claims that the reasons for his termination shifted over time, the Commonwealth Court rejected that argument, finding that the notice he was provided was adequate and that the reasons for his termination remained consistent over time. He is bound by that finding. Likewise, while he claims that the School Board's decision to "remove" his pay from the budget prior to the formal hearing shows the Board's bias, the Court fails to see how that is so. That the Board suspended Plaintiff's pay in the interim period does not, on its own, show that the Board was unwilling to listen to Plaintiff's defense or not "open to other views." *Ryan*, 185 F.3d at 762. The Court also rejects Plaintiff's contention – raised for the first time in his response to Defendants' motion – that the alleged bias at the pre-termination stage spilled over into the post-termination procedures he was afforded under Pennsylvania law. He argues that the "record supplied to the Secretary [of Education] was irreparably tainted by the Defendants' bias[,]" but he has not pointed to any examples of how the alleged bias actually affected those proceedings. In sum, then, Plaintiff's procedural due process claim will be dismissed.

2. **Substantive Due Process**

Turning now to Plaintiff's substantive due process claim, he alleges that "Defendants'

15

conduct was arbitrary and capricious and deprived [him] of his property and liberty interests . . . and his substantive due process rights afforded to him under the Fourteenth Amendment[.]" Compl. ¶ 49. This claim fails as a matter of law.

"[T]o prevail on a substantive due process claim, 'a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and [that] the government's deprivation of that protected interest shocks the conscience.'" *Chambers ex rel. Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, 587 F.3d 176, 190 (3d Cir. 2009) (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)). According to Plaintiff, the interests at stake here are his "property interest in his right to perform professional services as a Principal" and his "liberty interest in his good name and reputation[.]" Compl. ¶ 49. The Third Circuit Court of Appeals, however, has held that public employment is not a "fundamental property interest entitled to substantive due process protection." *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000) (citations omitted). And "[t]o the extent [Plaintiff's] substantive due process claim [is] based not only on loss of his job, but also on reputational injury that decreased his 'ability to earn a living,' it also fails[,]" *Hill v. Borough of Kutztown*, 455 F.3d 225, 235 n.12 (3d Cir. 2006) (citing *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 399–404 (3d Cir. 2000)), because "defamation or harm to reputation is likewise outside the scope of substantive due process protection[,]" *Ostrowski v. D'Andrea*, No. CV 3:14-CV-00429, 2015 WL 10434888, at *5 (M.D. Pa. Aug. 11, 2015).

Assuming, *arguendo*, that Plaintiff does have a protected interest in his employment or his reputation, this claim would nonetheless fail. Because the Court has "already determined that preclusive effect must be given to the [Commonwealth Court's] finding that [D]efendants could properly terminate [Plaintiff]," the Court "cannot say that the firing was so arbitrary and

capricious as to violate substantive due process." *Bradley*, 913 F.2d at 1078. Accordingly, Plaintiff's substantive due process claim will be dismissed.

        3.        **Conspiracy**

Section 1983 "does not provide a cause of action *per se* for conspiracy to deprive one of a constitutional right." *Defeo v. Sill*, 810 F. Supp. 648, 658 (E.D. Pa. 1993). Rather, "the function of conspiracy doctrine" in a § 1983 action "is merely to yoke particular individuals to the specific torts charged in the complaint." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Thus, where, as here, a plaintiff has not succeeded in pleading an underlying constitutional violation, any claim for conspiracy must also be dismissed. *See White v. Brown*, 408 F. App'x 595, 599 (3d Cir. 2010) ("[T]he District Court properly granted summary judgment on [plaintiff's] conspiracy claims because [he] cannot establish an underlying violation of his constitutional rights.").

    **D.**        **State Law Claim**

When the Court "has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction" over any remaining state law claims. 28 U.S.C. § 1367(c)(3). The Court's decision in this regard is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009). But "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Such is the case here. Plaintiff's breach of contract claim will therefore be dismissed without prejudice. *Resnick v. Lower Burrell Police Dep't*, No. CIV.A. 09-893, 2010 WL 88816, at *3 (W.D. Pa. Jan. 8, 2010) (explaining that whenever the court declines to exercise

supplemental jurisdiction, "the proper course is for the court to dismiss the state law claims, without prejudice").

### E. Leave to Amend

Ordinarily, if a civil rights complaint is subject to dismissal under Rule 12(b)(6), the Court must permit a curative amendment. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, leave to amend need not be granted if doing so would be futile. *Id.* The futility of granting Plaintiff leave to amend is apparent. Plaintiff's claims against the School District and the individual Defendants in their official capacities are barred by claim preclusion. Meanwhile, the claims against the individual Defendants fail in such a way that no amount of revision or factual elaboration could make them legally viable. Simply put, Plaintiff was afforded all the process he was entitled to, and he lacks any interest protected by the substantive due process clause. Consequently, his request for leave to amend will be denied.

## IV. Conclusion

For the reasons hereinabove stated, Defendants' motion to dismiss will be granted. Plaintiff's federal claims will be dismissed with prejudice, and the Court will decline to exercise supplemental jurisdiction over his breach of contract claim, which will be dismissed without prejudice. An appropriate order follows.

McVerry, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVAUN BARNETT,<br>        Plaintiff,<br><br>        v.<br><br>PENN HILLS SCHOOL DISTRICT, PENN HILLS SHOOL DISTRICT SCHOOL BOARD, CARL BARBARINO, JENNIFER BURGESS-JOHNSON, DENISE GRAHAM-SHEALY, HEATHER HOOLAHAN, ROBERT HUDAK, DONALD KUHN, and JOHN ZACCHIA,<br>        Defendants. | 2:16-cv-274 |

## ORDER

**AND NOW**, this 18th day of May, 2016, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that Defendants' MOTION TO DISMISS (ECF No. 14) is **GRANTED**. Plaintiff's federal claims are dismissed with prejudice, while his breach of contract claim is dismissed without prejudice to Plaintiff's ability to refile it in the appropriate state court. Furthermore, Plaintiff's request for leave to amend is **DENIED**.

The Clerk of Courts shall mark this case **CLOSED**.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Todd Michael Mosser, Esq.**
    Email: todd@mosserlegal.com

    **Anthony G. Sanchez, Esq**.
    Email: asanchez@sanchezlegalgroup.com
    **Craig H. Alexander, Esq.**
    Email: calexander@dicelaw.com